## GEORGE WILCOX

## v.

## CLARA WILCOX.

1. EXTREME AND REPEATED CRUELTY.—Where the truth or falsity of the charge of extreme and repeated cruelty rested nearly entirely upon the evidence of the husband and wife, the one affirming and the other denying. *Held*, that this court can not say that the court below erred in not finding for the husband.

2. AWARDING CHILD TO MOTHER.—As the husband failed to provide suitable support for his wife and the wife has been earning a comfortable support by her profession as actress, and is abundantly capable of caring for the child, there was no impropriety in the decree of the court below awarding the child to the mother.

APPEAL from the Circuit Court of McHenry county; the Hon. C. W. UPTON, Judge, presiding. Opinion filed August 7, 1885.

Mr. B. N. SMITH, for appellant; as to extreme and repeated cruelty, cited Henderson v. Henderson, 88 Ill. 248; Von Glahn v. Von Glahn, 46 Ill. 125; Turbitt v. Turbitt, 21 Ill. 438; De La Hay v. De La Hay, 21 Ill. 252; Harman v. Harman, 16 Ill. 90.

Mr. JOHN B. LYON, for appellee; as to cruelty, cited Ward v. Ward, 103 Ill. 477; Poor v. Poor, 8 N. H. 307.

LACEY, C. J. This was a bill for divorce brought by appellee against appellant, charging extreme and repeated cruelty, in opposition to the cross-bill of appellant charging desertion. The cause was heard by the court below upon the testimony of both parties, and upon such evidence as they chose to produce, and the court, after a full hearing, found the issues on the original and cross-bill in favor of the appellee, and decreed divorce in her favor, and the custody of their child was given to her.

It is claimed that the proof does not sustain the charge of extreme and repeated cruelty as charged in the bill.

After an examination of the evidence we are satisfied that if what the appellee testified to was true, that is, that the appellant struck and beat the appellee while she was *enciente* and a short time after the birth of their child, the charge of cruelty was fully made out. The truth or falsity of this charge rested nearly entirely upon the evidence of the appellant and appellee themselves, the one affirming and the other denying. We can not say that the court below erred in not finding for appellant.

It also appears that the appellant was of little force of character and failed in his most important duty to provide suitable support for appellee, allowing her to want for the most common necessaries of life, she at times being at the point of starvation.

It seems, since the separation, that appellee has been earning a comfortable support by her profession as actress, and that she is abundantly capable of caring for the child; and we see no impropriety in the decree of the court in awarding it to her.

The decree is therefore affirmed.